UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIA C. CHILDRESS, a/k/a Tina Childress, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16 CV 931 CDP ) |
| FOX ASSOCIATES, LLC, d/b/a Fabulous Fox Theatre, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiffs Maria C. "Tina" Childress and Mary Stodden are deaf individuals who brought this action claiming that defendant Fox Theatre violated Title III of the Americans with Disabilities Act (ADA) by providing services, privileges, advantages, and accommodations to deaf Fox patrons that were not equal to those afforded hearing patrons, and thus that they were treated differently from hearing patrons, in violation of 42 U.S.C. §§ 12182(b)(1)(A)(ii) and 12182(b)(2)(A)(iii).[1] I granted summary judgment to plaintiffs in April 2018. Plaintiffs now move for an award of attorney's fees, expenses, and costs under 42 U.S.C. § 12205. I will grant their request.

---

[1] The Association of Late Deafened Adults and the Greater St. Louis Chapter of the Hearing Loss Association of America are non-profit organizations who support and advocate for persons with hearing loss. They also proceeded in this action as plaintiffs, on behalf of their members.

## Statutory Authority

Under "the bedrock principle known as the American Rule," each litigant pays its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (internal citation and quotation marks omitted). Parties who prevail on an ADA claim are allowed reasonable attorney's fees and costs under 42 U.S.C. § 12205 at the discretion of the court. *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997). A reasonable attorney's fee includes litigation expenses. 42 U.S.C. § 12205. There is no dispute that plaintiffs prevailed on their claims under the ADA and are thus entitled to reasonable fees and costs.

## Attorney's Fees

To determine the amount of a reasonable attorney's fee, I employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010). Once I determine that amount, I consider a number of other factors to determine whether to adjust the fee upward or downward.[2] *Hensley*, 461 U.S. at

---

[2] The factors, known as the *Johnson* factors based on *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir.1974), are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or

434; *see also City of Riverside v. Riveria,* 477 U.S. 561, 568 n. 3 (1986).

Plaintiffs' attorney, John Frazier Waldo, Jr., expended 223.3 hours[3] in this action and seeks fees at a rate of $450 per hour. He was the only attorney who worked on plaintiffs' case. With the lodestar calculations, Waldo's requested fee award would total $100,485. Fox objects to the hourly rate and the time expended, and argues that, regardless, the amount of the award should be reduced given plaintiffs' limited recovery.

A. <u>Hourly Rate</u>

Waldo is a sole practitioner with his office in Houston, Texas. He has over thirty years' litigation experience, focusing his practice during the last ten years exclusively on access rights for people who are deaf or hearing impaired. He does not charge fees to his clients before matters go to court, and only then seeks fees under the ADA and/or appropriate state laws. He does not have a standard billing rate for clients, and seeks fees at a rate he deems appropriate for the litigation forum. While Waldo provides substantial authority showing that $450 is a reasonable

---

circumstances; (8) amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *See Hensley*, 461 U.S. at 429-30 n.3.

[3] Although Waldo seeks fees for 224.1 hours, I have carefully reviewed his detailed time records and find that he actually expended 223.3 hours in the case. On page 8 of his time record filed with his motion, he totals the time recorded as 38.5 hours, when it actually totals 37.5 hours. (ECF #63-2, Exh. A at p. 8.) Further, while Waldo expended 6.6 additional hours after he filed his motion, he included only 6.4 additional hours when he totaled all hours expended in this action. (ECF #69-1, Addendum.)

hourly rate in today's St. Louis market for an attorney of his experience, expertise, and specialization in the particular area of law that was litigated in this matter, Fox cites only the hourly rate for its own counsel to argue against Waldo's proffered rate. Fox's counsel, however, while well-respected and entirely capable in their practice, have less years' experience and a broader base of practice, focusing on labor and employment law.

I find Waldo's proffered rate of $450 per hour to be reasonable for the work performed.

B.   Time Expended

Waldo's time record submitted with his motion for fees shows that he worked 216.7 hours from May 10, 2016, through May 2, 2018. The time record submitted with his reply brief shows an additional 6.6 hours of work expended after filing the original motion. Fox challenges the reasonableness of the hours claimed in the first time record, specifically arguing that the lack of contemporaneous logging of some hours and the administrative nature of certain tasks warrants a reduction in the requested fees. Fox also appears to argue that the time Waldo expended is excessive *per se* given that the fees incurred by its own counsel are substantially less. I disagree.

First, contemporaneous time records are not required to support a motion for attorney's fees in the Eighth Circuit as long as reconstructed records satisfactorily

document the time. *Kline v. City of Kansas City, Mo., Fire Dep't,* 245 F.3d 707, 708 (8th Cir. 2001). Waldo declares that he reconstructed some entries for communications with clients and opposing counsel that took only a fraction of an hour, basing the recorded time on email logs. Waldo avers that this method, which was limited to only very brief communications, was more efficient and facilitated the exercise of billing judgment. I have carefully reviewed Waldo's time records and find the entries to satisfactorily document the time Waldo expended in this action, including those entries that document brief communication with clients and counsel. I will not reduce Waldo's fee award in these circumstances. *See id.*

With respect to the administrative nature of some tasks, Fox cites as non-exhaustive examples Waldo's receiving and filing of documents, confirming meetings, and transmitting records. Hours billed for secretarial or clerical tasks are not compensable. *Ladd v. Pickering*, 783 F. Supp. 2d 1079, 1094 (E.D. Mo. 2011). Although Waldo declares that he did not bill for such work, I find that some of the examples cited by Fox fall within the parameters of clerical or secretarial work. From those entries cited by Fox – and specifically those dated May 17, July 6, and September 22, 2016; February 8 and April 14, 2017; and January 10, 2018 – I will subtract a total of 1.3 hours for clerical tasks involving filing documents, confirming meetings, and transmitting records.

To the extent Fox complains that the approximately 224 hours expended by

Waldo is unreasonable when compared to the 174.1 total hours expended by its two attorneys, I agree with plaintiffs that the difference in time expended by the two sides is of marginal relevance in determining a reasonable fee for a prevailing party. "[O]nce the court accepts the computation of opposing counsel's hours as a referent, it would be forced to determine whether those hours were 'reasonably' related to the matter at bar." *Samuel v. University of Pittsburgh*, 80 F.R.D. 293, 294 (W.D. Pa. 1978). "[T]he number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case." *Id.*

I do find, however, that seeking fees for time expended on a class certification motion that was never filed; time expended in communicating with non-parties in determining their willingness to participate in the case and/or regarding non-party issues; and time expended in seeking a personal accommodation for a client from a Fox Theatre employee is unreasonable. I will therefore subtract 4.4 hours to account for this time.

C. <u>Lodestar</u>

After subtracting 5.7 hours from the 233.3 recorded hours, I find that Waldo expended 217.6 hours of compensable time. Multiplying this time by the rate of $450 per hour yields a lodestar figure $97,920 for Waldo's work in this case.

D. <u>Limited Success</u>

Where plaintiffs achieve only limited success, I should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 440. I may do this by reducing the lodestar amount to account for the limited success. *Id.* at 436-37; *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). Fox contends that plaintiffs obtained only limited success in this case since Fox conceded to various of plaintiffs' requests during the course of the litigation, and the Court's summary judgment order merely reaffirmed these concessions.[4] I look to plaintiffs' claims as a whole, however, to determine the level of their success. *Ladd*, 783 F. Supp. 2d at 1096. While Fox may have conceded to certain requests (with limitation) during this litigation, I note that plaintiffs ultimately obtained all the relief that they had sought when they originally began this litigation in June 2016. Whether this relief was obtained piecemeal throughout the two-year history of the case or in one fell swoop by summary judgment, verdict, or otherwise, they nevertheless obtained complete relief on their claims as a whole.

I will deny Fox's request to reduce the lodestar amount.

---

[4] This position appears inconsistent with Fox's posture throughout the case, including its argument made in January 2018 that it was entitled to summary judgment "on all of the claims raised by Plaintiffs in this action." (ECF #52.)

### Expenses and Costs

Plaintiffs have submitted an itemized record in support of their request to recover $2528.81 in costs and expenses, and Fox has filed no objection. I will therefore grant the request.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Attorney's Fees, Litigation Expenses, and Costs [62] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiffs shall recover from defendant Fox Associates, LLC, attorney's fees totaling Ninety-Seven Thousand, Nine Hundred Twenty and 00/100 Dollars ($97,920.00); and costs and expenses totaling Two Thousand Five Hundred Twenty-Eight and 81/100 Dollars ($2528.81).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2018.